UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. O'CONNELL,

    Plaintiff,

v.

KAREN GORDON MILLS, ADMINISTRATOR,
U.S. SMALL BUSINESS ADMINISTRATION, and
JACOB J. LEW, SECRETARY, U.S. DEPARTMENT
OF THE TREASURY,

    Defendants.
_____/

Case No. 13-15124
Hon. Gerald E. Rosen

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 31, 2014    

PRESENT: Honorable Gerald E. Rosen
               Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Michael J. O'Connell commenced this suit in this Court on December 17, 2013, challenging the federal government's garnishment of a portion of his monthly Social Security payments in order to collect on a business loan backed by the U.S. Small Business Administration ("SBA"). Plaintiff has named as Defendants the SBA

Administrator, Karen Gordon Mills,[1] and the Secretary of the U.S. Department of the Treasury, Jacob J. Lew, with this latter official joined in this suit in light of the Treasury Department's operation of the Treasury Offset Program ("TOP"), a mechanism through which the government seeks to collect debts allegedly owed to federal agencies.[2]

By a motion and amended motion filed on December 17, 2013 and December 19, 2013, respectively, Plaintiff seeks the entry of a temporary restraining order ("TRO") that would enjoin the Defendant federal agency officials from continuing to withhold a portion of his monthly Social Security payments while this litigation remains pending, and that would further direct these officials to refund any amounts held back from Plaintiff's Social Security payments to date. In accordance with this Court's December 30, 2013 order, Defendants filed a response in opposition to Plaintiff's motion on January 9, 2014.

---

[1] It appears that Ms. Mills is no longer the SBA Administrator, and that Jeanne Hulit is now the Acting Administrator of the SBA.

[2] The present suit initially was assigned to Judge Murphy of this District, but it was reassigned to this Court as a companion to an earlier miscellaneous action instituted by Plaintiff against the SBA Administrator. In this prior proceeding, Plaintiff sought to register and enforce a judgment entered in his favor in a state court suit in which a bank sought to collect a debt allegedly owed by Plaintiff as personal guarantor for an SBA loan issued by the bank. The state court determined that Plaintiff was not liable for the debt, and Plaintiff sought federal court enforcement of this judgment as a means of preventing the SBA from garnishing his Social Security payments. By order dated October 2, 2013, the Court dismissed this prior miscellaneous action for lack of subject matter jurisdiction, finding that there was no statutory basis for registering a state court judgment with a federal district court, and observing that Plaintiff had otherwise failed to identify any source of this Court's jurisdictional authority to enforce the state court judgment against the federal agency official named in his petition. *See O'Connell v. Mills,* No. 13-mc-51129, 10/2/2013 Order.

Having reviewed the parties' briefs in support of and in opposition to Plaintiff's motion, as well as the remainder of the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiff's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. As discussed below, the Court finds that Plaintiff has failed on a number of grounds to establish an entitlement to the preliminary injunctive relief sought in his present motion.

## II.  FACTUAL BACKGROUND

Plaintiff's underlying complaint and brief in support of his motion provide only the most cursory account of the facts relevant to the Court's determination whether Plaintiff should be awarded preliminary injunctive relief.[3] Against this woefully incomplete factual backdrop, the Court briefly summarizes the pertinent events leading up to this litigation, with the allegations of Plaintiff's complaint accepted as true for present purposes.

---

[3] Indeed, as explained in the Court's December 30, 2013 order, although Plaintiff requests in his present motion that the Court enter a temporary restraining order, it is readily apparent that this motion "fails to meet the standards set forth in Fed. R. Civ. P. 65(b)(1) for issuing a temporary restraining order without notice to the opposing party." (12/30/2013 Order at 2.) "In particular, Plaintiff has not put forward 'specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result' in the absence of a temporary restraining order, Fed. R. Civ. P. 65(b)(1)(A), nor has his counsel 'certifie[d] in writing any efforts made to give notice and the reasons why it should not be required,' Fed. R. Civ. P. 65(b)(1)(B)." (*Id.*) Since the entry of this order, Plaintiff has not sought to address these deficiencies, whether by requesting to supplement the record or through any other means.

In 2008, Capital One FSB brought suit in a Michigan court against Plaintiff and Northern Carpentry, Inc., evidently to collect on a debt. The theory of liability asserted against Plaintiff apparently was that he was a personal guarantor on an SBA loan made by Capital One to Northern Carpentry,[4] but Plaintiff alleges that he "had never entered into such a loan nor issued a guarantee of such loan." (Complaint at ¶ 5.) Following a trial in June of 2011, the state court dismissed the claim against Plaintiff, allegedly ruling that he had not entered into a loan agreement with Capital One and had not "sign[ed] the loan agreement or purported SBA guarantee submitted into evidence by Capital One." (*Id.* at ¶ 9.)[5]

Despite this state court ruling in his favor, Plaintiff alleges that he has been continually "harassed by a series of collection agents purporting to work for" the SBA. (*Id.* at ¶ 11.) Plaintiff further alleges that his counsel contacted the most recent of these collection agencies and was advised that although the matter was still "under review" by the SBA, this federal agency was nonetheless commencing an effort to garnish a portion of Plaintiff's monthly Social Security payments pending the outcome of its review. (*Id.* at ¶ 13.)

---

[4]In their response to Plaintiff's motion, Defendants state "on information and belief" that Plaintiff's son is the president of Northern Carpentry. (Defendants' Response Br. at 1.)

[5]In excerpts of a state court trial transcript attached as an exhibit to Plaintiff's complaint, Plaintiff denied that he ever signed a personal guaranty for a loan from Capital One, whether on behalf of Northern Carpentry or any other borrower, and the state court evidently found that the signatures on the loan documents in question did not match Plaintiff's signature. (*See* Complaint, Ex. 2, 6/29/2011 Trial Tr. at 41-43, 62.)

Evidently working through the Treasury Offset Program ("TOP") administered by the U.S. Department of the Treasury, the federal government has withheld $273.75 of Plaintiff's monthly Social Security payments of $1825 during the months of April through July of 2013. (*See id.* at ¶ 12.)[6] In October of 2013, Plaintiff contacted the Treasury Department's Financial Management Service, which operates the TOP program, in an additional attempt to "resolve the dispute administratively," but this effort proved unsuccessful. (*Id.* at ¶ 16.) Accordingly, through the present suit, Plaintiff seeks an order enjoining the Defendant federal agency officials from continuing to garnish his Social Security payments to repay a debt that he allegedly does not owe, and he also seeks reimbursement of the amounts withheld from his Social Security payments to date.

### III.  ANALYSIS

**A.    The Standards Governing Plaintiff's Motion**

Through the present motion, Plaintiff seeks an order that would (i) enjoin the Defendant agency officials from withholding a portion of his monthly Social Security payments while this suit remains pending, and (ii) direct Defendants to refund all amounts held back from Plaintiff's Social Security payments to date. The decision whether to award such preliminary injunctive relief is governed by a familiar four-part standard, under which the Court must consider (i) whether Plaintiff, as the moving party, has a

---

[6]Although Plaintiff states at various points in his complaint that the government has held back "approximately 20 percent" of his monthly Social Security payments, (*see id.* at ¶¶ 14-15), the amount allegedly withheld from these payments ($273.75) is actually 15 percent of Plaintiff's usual monthly payment of $1825.

strong likelihood of success on the merits, (ii) whether he would suffer irreparable injury in the absence of injunctive relief, (iii) whether an award of preliminary injunctive relief would cause substantial harm to others, and (iv) whether the public interest would be served by the requested award. *Sandison v. Michigan High School Athletic Association, Inc.,* 64 F.3d 1026, 1030 (6th Cir. 1995). These four considerations "are factors to be balanced and not prerequisites that must be satisfied," and "are not meant to be rigid and unbending requirements." *American Imaging Services, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.),* 963 F.2d 855, 859 (6th Cir. 1992). "Moreover, a district court is not required to make specific findings concerning each of the four factors . . . if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003).[7]

**B.   Plaintiff Has Failed to Establish a Likelihood of Success on the Merits, Where He Has Not Identified a Legal Basis for the Relief He Seeks, and Where His Factual Allegations, Even Accepted as True, Do Not Demonstrate the Illegality of the Government's Collection Effort.**

In its October 2, 2013 order dismissing Plaintiff's prior miscellaneous action brought against the Defendant SBA Administrator, the Court observed that "[a]lthough

---

[7]As observed by Defendants, Plaintiff does not mention this four-factor standard in his present motion, much less endeavor to explain why the application of this standard would support an award of preliminary injunctive relief here. To the contrary, in Plaintiff's terse three-page motion — which is unaccompanied by the brief required under Local Rule 7.1(d)(1)(A) of this District — only two or three sentences, at best, could be viewed as bearing upon the standard for granting preliminary injunctive relief, and these sentences consist almost entirely of conclusory assertions that Plaintiff "has a reasonable chance of prevailing int his matter" and "is being irreparably harmed by [the] continued offset of his Social Security" benefits. (Plaintiff's Motion at ¶¶ 5, 7.)

[the SBA Administrator] is a federal agency official, [Plaintiff] does not identify any federal cause of action arising from [the Administrator's] alleged pursuit of collection efforts" against him, "nor does he allege a violation of federal law that might support this Court's exercise of federal question jurisdiction." *O'Connell v. Mills,* No. 13-mc-51129, 10/2/2013 Order at 2.  The complaint in the present suit does not address this jurisdictional defect, apart from a single sentence in which Plaintiff asserts, without citation to any statutory or other authority, that this Court "has jurisdiction in the present action as it is a petition to enjoin a federal agency from commission of an improper act." (Complaint at ¶ 4.)  Plaintiff has the burden to identify a basis for this Court's exercise of subject matter jurisdiction, *see Kokkonen v. Guardian Life Insurance Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994), and it is not the obligation of the Court to seek out authorities or legal theories that might support a party's claim for relief, *see Harrison v. Oakland County,* 612 F. Supp.2d 848, 859 (E.D. Mich. 2009).  On this basis alone, then, the Court could deny Plaintiff's motion — and, indeed, dismiss this suit, just like the prior miscellaneous action brought by Plaintiff — for failure to identify a jurisdictional basis upon which the Court could grant the relief sought in this motion (or in Plaintiff's underlying complaint).

Nonetheless, in their response to Plaintiff's motion, the Defendant agency officials note that the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.,* provides an avenue for judicial review of federal agency decisions.  Yet, having failed to even mention the APA as a possible source of this Court's subject matter jurisdiction, Plaintiff

has likewise failed to address a number of potential obstacles that might prevent him from invoking the APA as a means for challenging the federal government's garnishment of a portion of his monthly Social Security payments.

First, judicial review is available under the APA only once "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Darby v. Cisneros,* 509 U.S. 137, 146, 113 S. Ct. 2539, 2544 (1993); *see also Bangura v. Hansen,* 434 F.3d 487, 493 (6th Cir. 2006) ("Where a statute requires a plaintiff to exhaust his or her administrative remedies before seeking judicial review, federal courts do not have subject matter jurisdiction to review the plaintiff's claim until the plaintiff has exhausted his or her administrative remedies."). An SBA regulation sets forth the steps this federal agency must take in order to collect a debt by withholding money from a government payment, and this same regulation affords an opportunity to "present evidence that all or part of the debt is not past due or not legally enforceable" and to request a hearing before the SBA's Office of Hearings and Appeals. 13 C.F.R. § 140.3(e). Likewise, the federal statute authorizing this administrative offset mandates that such a collection effort may be commenced only after the debtor has been given "an opportunity for a review within the agency of the decision of the agency related to the claim." 31 U.S.C. § 3716(a)(3).

Assuming that this statute and regulation establish a mandatory, and not merely voluntary, mechanism for administrative review of an SBA effort to collect a debt through administrative offset — a question that the Court need not (and does not) resolve

at this juncture — judicial review under the APA would only be available here upon a showing by Plaintiff that he had exhausted this mandated course of administrative review. Plaintiff's complaint includes no such allegations of administrative exhaustion, but instead states only (i) that Plaintiff's counsel has been in contact with collection agencies working on behalf of the SBA, and that counsel was informed by one of these collection agencies that "the matter was still 'under review'" by the SBA, (Complaint at ¶¶ 11, 13), and (ii) that Plaintiff "allowed the Department of the Treasury Financial Management Service an additional opportunity to resolve the dispute administratively, without success," (*id.* at ¶ 16). While these allegations perhaps suggest that Plaintiff and his counsel have pursued at least some administrative remedies, Plaintiff fails to indicate whether this administrative review has run its course, and his complaint and motion likewise are unaccompanied by any documentary evidence of a final agency decision reached upon the conclusion of this review. Under this record (or lack thereof), the Court is unable to determine whether this matter is ripe for review under the APA.

Next, Defendants correctly observe that the APA abrogates the federal government's sovereign immunity only to the extent that a plaintiff challenging a federal agency's action "seek[s] relief other than money damages." 5 U.S.C. § 702; *see also Suburban Mortgage Associates, Inc. v. U.S. Department of Housing and Urban Development,* 480 F.3d 1116, 1122 (Fed. Cir. 2007). Accordingly, at least some of the relief sought in Plaintiff's complaint — namely, a refund of the amounts withheld from his Social Security payments to date — cannot be recovered under the APA. More

9

generally, the courts have instructed that in order to determine whether relief is available under the APA, it is necessary to "look beyond the form of the pleadings to the substance of the claim," and that "dressing up a claim for money as one for equitable relief will not . . . make it an APA case." *Suburban Mortgage Associates,* 480 F.3d at 1124. Because Plaintiff's complaint here, at bottom, challenges the garnishment of a portion of his monthly Social Security payments and seeks the return of the amounts withheld to date, the principal relief at issue appears to be wholly monetary in nature, and it is doubtful whether the injunctive or prospective relief sought by Plaintiff is truly necessary. As one court observed in similar circumstances, "a single, uncomplicated payment of money would provide [Plaintiff] with an entirely adequate remedy," because "once Plaintiff . . . was paid" the amounts withheld from him, "it would be unlikely (and inappropriate) for defendants to continue with . . . offsets" that a court had held to be unlawful. *Briggs v. United States,* 564 F. Supp.2d 1087, 1093 (N.D. Cal. 2008) (internal quotation marks and citation omitted).[8]

Finally, even assuming that Plaintiff could surmount these obstacles to his pursuit

---

[8] The court in *Suburban Mortgage Associates* noted that the Tucker Act, 28 U.S.C. § 1491(a), and the so-called "Little Tucker Act," 28 U.S.C. § 1346(a)(2), provide avenues for obtaining a money judgment against the United States. *See Suburban Mortgage Associates,* 480 F.3d at 1121-22 & n.8. The former statute governs suits for money damages in excess of $10,000 and confers exclusive jurisdiction upon the Court of Federal Claims, *see* 28 U.S.C. § 1491(a)(1), while the latter applies to claims not exceeding $10,000 and grants concurrent jurisdiction to the Court of Federal Claims and the federal district courts, *see* 28 U.S.C. § 1346(a)(2). Because Plaintiff has not appealed to these statutes, whether in his complaint or in his present motion, as providing a potential jurisdictional basis for this Court to address his claims for relief, the Court expresses no view as to whether Plaintiff could state a viable claim under either of these statutes.

of an APA claim, he would then have to establish on the merits that the challenged decisions of the Defendant agency officials were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As Defendants correctly observe, Plaintiff has failed to provide any evidentiary support whatsoever for such a finding, as his complaint and motion are unaccompanied by any affidavits or exhibits that might tend to indicate that he does not owe the debt that Defendants seek to recover from him. Rather, Plaintiff's "showing" on this point rests exclusively on bare allegations that Defendants' collection efforts are unlawful, and such allegations alone plainly cannot demonstrate a likelihood of success on the merits that would warrant preliminary injunctive relief.

In an effort to overcome this evidentiary deficiency, Plaintiff appeals to the state court judgment in his favor as a purportedly "final and binding" determination that he is not liable as a guarantor to repay the SBA-backed loan made by Capital One to Northern Carpentry. (*See* Plaintiff's Amended Motion for Temporary Retraining Order at ¶ 3; Complaint at ¶ 10.) The preclusive effect of this state court judgment, however, is determined by resort to Michigan law, *see Darrah v. City of Oak Park,* 255 F.3d 301, 311 (6th Cir. 2001), and the Michigan Supreme Court has held that a court's ruling on an issue is binding in a subsequent proceeding only if, among other requirements, the "same parties . . . had a full and fair opportunity to litigate the issue" in the prior suit, *Monat v. State Farm Insurance Co.,* 469 Mich. 679, 677 N.W.2d 843, 845 (2004) (internal quotation marks, alteration, citation, and footnote omitted). So far as the (sparse) record

2:13-cv-15124-GER-DRG Doc # 13 Filed 01/31/14 Pg 12 of 15 Pg ID 82

reveals, the Defendant federal agency officials were not parties to the state court suit brought by Capital One against Northern Carpentry and Plaintiff, and thus had no opportunity to litigate the question whether Plaintiff may be held liable for repayment of the loan made by Capital One to Northern Carpentry.[9]

Indeed, it is not even clear from the record that the issue of liability litigated in Capital One's state court suit is precisely the same as the question of liability presented here. It cannot necessarily be assumed, after all, that the same defenses available to Plaintiff against Capital One would also defeat any effort by the federal SBA to recover from Plaintiff the unpaid debt of Northern Carpentry. On this issue, like so many others, Plaintiff merely invites the Court to accept on faith the premise that the state court judgment should be accorded binding and conclusive effect here. Such a "showing," resting wholly on conclusory allegations and dubious, unsupported assertions about the governing law, is woefully inadequate to establish a likelihood of success on the merits.

**C.     The Remaining Factors Likewise Fail to Support an Award of Preliminary Injunctive Relief.**

In light of Plaintiff's failure to demonstrate any reasonable likelihood of success on the merits of his claims, the Court may proceed rather quickly through the remaining three factors of the standard for awarding preliminary injunctive relief. First, as to the

---

[9]Although it perhaps could be argued that some sort of "agency" relationship exists between Capital One and the SBA, such that rulings against the former could be binding on the latter, Plaintiff has not advanced any such contention in his submissions to the Court, and the Court again declines to fashion arguments on his behalf.

12

question whether Plaintiff would suffer irreparable harm absent the preliminary injunctive relief he seeks, the Sixth Circuit has held that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992). In this case, the harm alleged by Plaintiff would be fully remedied through an award of damages equal to the amounts withheld from his monthly Social Security payments to date. To the extent that Plaintiff contends that his "health and well-being" are threatened by an ongoing 15-percent reduction in his monthly Social Security payments, (Plaintiff's Amended Motion for Temporary Restraining Order at ¶ 7), he offers nothing beyond the bare assertion of his counsel in support of this claim of irreparable harm.

Next, regarding the harm caused to others if a preliminary injunction were issued, Defendants concede that the injunctive relief sought by Plaintiff would not cause any harm to others, so it cannot be said that this factor militates against the award sought by Plaintiff. Finally, as to the question whether the public interest would be served through the requested award of injunctive relief, Defendants note that taxpayers have an interest in ensuring that the federal government is able to collect the debts owed to it, and the injunction sought by Plaintiff would thwart this effort. On the other hand, there is a public interest in seeing that court judgments are properly recognized and enforced, and Plaintiff should not be compelled to relitigate the question of his status as a guarantor on the Capital One loan to Northern Carpentry if, in fact, the determination of the Michigan

court on this point is entitled to preclusive effect here.[10] This fourth factor, then, does not tip strongly in favor of one party or the other.

In sum, having considered and balanced the four factors of the pertinent standard, the Court finds that the award of preliminary injunctive relief sought by Plaintiff is not warranted. Most significantly, Plaintiff has not demonstrated a likelihood of success on the merits of his claims for relief — nor, indeed, has he identified a jurisdictional basis upon which the Court may even entertain these claims, much less rule in his favor. The remaining factors of the preliminary injunction inquiry, to the extent that they favor Plaintiff's position, do not outweigh this manifest failure to establish a likelihood of success on the merits. It follows that Plaintiff's motion must be denied.

---

[10]As discussed earlier, of course, Plaintiff has utterly failed to address the pertinent law and considerations governing the preclusive effect of the state court judgment.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 17, 2013 motion for temporary restraining order (docket #2) and December 19, 2013 amended motion for temporary restraining order (docket #6) are DENIED.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: January 31, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2014, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135